**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **LANDMARK AMERICAN INSURANCE COMPANY** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 09-7496** |
| **CAT AND DOG, INC., ET AL.** | * | **SECTION "B"(2)** |

<u>**ORDER AND REASONS**</u>

Before the Court is Defendant's Motion to Dismiss or in the alternative to stay the proceedings (Rec. Doc. No. 8) and Plaintiff's opposition thereto (Rec. Doc. No. 13). Considering the motion, opposition, and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendant's Motion to Dismiss Complaint for Declaratory Judgement is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Stay is **DISMISSED AS MOOT.**

<u>*BACKGROUND*</u>

On April 16, 2009, Amy Ochello filed a petition in Civil District Court for the Parish of Orleans against Cat and Dog, Inc., D/B/A The Howlin Wolf (hereinafter "C&D") and others associated with the company, seeking damages for personal injuries sustained while on the premises. Ochello then amended her complaint to add Landmark American Insurance Company (hereinafter "Landmark") as Defendant. On August 3, 2009, C&D filed a cross-claim against Landmark in the same matter, seeking insurance coverage and a defense of the claims brought against it. Landmark answered both

pleadings but has not filed any other pleadings in the state court suit.

On December 2, 2009, Landmark then filed a complaint before this Court, seeking a declaratory judgment that Landmark owes no coverage, indemnity or defense and asking the Court to strike/exclude all claims that it is liable to C&D, Ochello, or anyone else for the allegations made in the state court litigation. (Rec. Doc. No. 1. ¶ 17)

C&D contends that this Court should abstain from exercising jurisdiction over Plaintiff's complaint for declaratory judgement and dismiss the federal complaint because Landmark acted prematurely in filing that action. Defendant urges that plaintiff is already involved in state court litigation, through which all matters of the controversy can be fully and adequately litigated. Plaintiff avers that it would be preemptive and counter to the principles of judicial efficiency for this Court to issue declaratory relief when the state court is already fully positioned to decide these issues.

Landmark contends that this Court has discretion to maintain jurisdiction over this action despite the parallel state court litigation. Plaintiff contends that, in the interest of fairness and efficiency, and because no party would be unfairly prejudiced, this Court should exercise jurisdiction over its declaratory action. Landmark further argues that, because it has not pursued its defenses as to coverage and duty to defend in the state court

suit, these are not true parallel proceedings.

*DISCUSSION*

**A. Legal Standards of Review**

**1. Rule 12(b)(6) Motion to Dismiss**

When reviewing a motion to dismiss, courts must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)) (internal quotation marks omitted). The Supreme Court in *Iqbal* explained that *Twombly* promulgated a "two-pronged approach" to determine whether a complaint states a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1950. First, courts must identify those pleadings that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* Legal conclusions "must be supported by factual allegations." *Id.*

Upon identifying the well-pleaded factual allegations, courts then "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### 2. Abstention

The Supreme Court has emphasized that, in the context of abstention doctrine, piecemeal adjudication is disfavored. *See, e.g.*, *Wilton v. Seven Falls Co.*, 515 U.S. 277, 284 (1999). The Fifth Circuit has applied this emphasis on judicial efficiency in setting forth its well-established standard for abstention in *Travelers Ins. Co. v. La. Farm Bureau Fed'n*, 996 F.2d 774 (5th Cir. 1993). According to the Fifth Circuit, the Court has broad but not unfettered discretion over whether to decide or dismiss a declaratory action. *Id.* at 778. The relevant factors include:

> 1) whether there is a pending state action in which all of the matters in controversy may be fully litigated . . . 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant . . . 3) whether the plaintiff engaged in forum shopping in bringing the suit . . . 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist . . . 5) whether the federal court is a convenient forum for the parties and witnesses . . . and 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy . . . .

*Id.* (citations omitted).

### B. Plaintiff's Action for Declaratory Judgment

Although a district court may not dismiss a request for declaratory relief "on the basis of whim or personal disinclination," the Court may consider a variety of factors in

determining whether to decide a declaratory judgment suit.[1] *Rowan Companies, Inc. v. Griffin*, 876 F.2d 26, 29 (5th Cir. 1989) (quoting *Hollis v. Itawamba Cnty. Loans,* 657 F.2d 746, 750 (5th Cir. 1981)). *Travelers* provides factors that this Court now employs in that determination.

**1) Whether there is a pending state action in which all of the matters in controversy may be fully litigated**

Declaratory relief may be denied because of a pending state court proceeding in which the matters in controversy between the parties may be fully litigated. *Id.* If the claims of the parties can be satisfactorily adjudicated in state court proceedings, then the Court may abstain from issuing a declaratory judgment. *See id.* This action can be fully litigated in state court, and "[p]arallel proceedings in two courts under these circumstances invite inconsistent policy interpretations and piecemeal litigation." *Colony Ins. Co. v. Holley*, No. Civ.A. 02-56, 2002 WL 31683675, at *2 (E.D. La. Nov. 27, 2002). Landmark has submitted itself to the state court's jurisdiction over the controversy by filing answers in the state court suit. While Landmark contends that it has not raised its coverage defense in state court, the fact remains that the state court action is currently pending and can determine the

---

[1] "[I]n exercising its discretion, the court must address and balance on the record the purposes of the Declaratory Judgment Act and the factors relevant to the abstention doctrine. If it does not, it abuses its discretion *per se*." *Canal Indem. Co. v. Wilburn Container X-Press, Inc.* 907 F. Supp. 185, 192 (M.D. La. 1995).

validity of said coverage defenses. Therefore, this factor weighs in favor of abstention.

**2) Whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant**

Landmark filed this request for a declaratory judgment well after it was named a defendant and answered C&D's cross-claim in state court. Landmark has filed for declaratory relief here while actively participating in discovery in the underlying state claim. *Compare Colony Ins. Co.*, 2002 WL 31683675, at *3 (explaining that Colony knew of the insured's claim when Colony filed for declaratory judgment) *with Federal Ins. Co. v. Sw. Materials,* No. Civ.A. 02-1787, 2003 WL 21634945, at *3 (E.D. La. July 3, 2003) (finding this factor was not met because the insurer was not named as a defendant in the state court suit for more than six months after the insurer filed the declaratory judgment action). Therefore, this factor weighs in favor of abstention.

**3) Whether the plaintiff engaged in forum shopping in bringing the suit**

The issue of filing a separate action for declaratory relief after the underlying suit has already been filed is addressed by *Canal Indem. Co. v. Willburn Container X-press, Inc.*, 907 F. Supp. 185 (M.D. La. 1995). The court in *Canal* found that, while forum shopping to avoid litigation in multiple courts may in some cases be consistent with the purposes of the Declaratory Judgment Act, the existence of four cases in two Louisiana state courts did not

weigh in favor of retaining federal jurisdiction. *Id.* at 192. There is even less multiplicity in this action, involving only one state court suit, than there was in *Canal*, which involved four cases in two state courts. This factor indicates that forum shopping was present to some degree here and therefore weighs in favor of abstention.[2]

**4) Whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist**

Defendant submits that the parties have already engaged in discovery in the state court proceedings, and changing forums at this time will only force unnecessary litigation, as the state court has all of the resources to properly decide the matter. However, Plaintiff notes that discovery is still "in its infancy, and there will be no replication effort." (Rec. Doc. No. 13, p. 7 ¶ 3.) The Court therefore finds this factor weighs neither for nor against abstention because discovery in state court is underway but is still not at an advanced stage. *See Canal*, 907 F. Supp. at 192.

**5) Whether the federal court is a convenient forum for the parties and witnesses**

In *Canal*, the Court considered the abstention factors from *Travelers* and noted that, in *Travelers*, substantial litigation had

---

[2] While Plaintiff cites Fourth Circuit authority for the proposition that waiting four months to file for declaratory judgment in federal court is acceptable, *see Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 376 (4th Cir. 1994), this case did not apply the Fifth Circuit factors from *Travelers* and in any event is merely persuasive authority here.

occurred in the federal court for two years. *See id.* However, in *Canal*, the only issue that had been litigated was that of abstention and the declaratory action was less than one year old. *Id.* This is identical to the situation here. Furthermore, because both courts are located in New Orleans, federal court would be no more convenient than state court. *Compare id.* (noting that the federal and state courts were in different parishes).

**6) Whether retaining the lawsuit in federal court would serve the purposes of judicial economy**

Judicial economy would not be served by requiring the parties to engage in parallel litigation.[3] There is no evidence that state court fails to provide an adequate forum to determine the coverage and defense issues. Furthermore, presumably no discovery has occurred in this federal action, as no Rule 16 scheduling order setting discovery deadlines has been issued. Judicial economy would be served by eliminating the duplicative federal suit and determining the coverage and duty to defend issues in state court where discovery is already ongoing.

---

[3] Although Plaintiff relies on *Federal Ins. Co.*, 2003 WL 21634945 to argue that this federal proceeding is not truly parallel because Landmark has not raised defenses concerning coverage or duty to defend in its state court answer, this case is distinguishable. In *Federal*, the insured in the underlying state suit never filed a cross-claim against its insurer. Here, insured in the underlying suit *has* filed a cross-claim in state court against its insurer Landmark, which in and of itself raises the issues of Landmark's duty to defend as well as coverage issues. *See* 2003 WL 21634945, at *1 (noting that Defendant insured had made only "written demand" to the insurer to provide defense, rather than filing a cross-claim in state court).

This Court's abstention from determining the merits of this declaratory action would avoid duplicative and piecemeal litigation, and dismissal of this case favors efficient resolution of the parties' dispute. Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss Complaint for Declaratory Judgement is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Stay is **DISMISSED AS MOOT.**

New Orleans, Louisiana, this 19th day of August, 2010.

_____
UNITED STATES DISTRICT JUDGE